IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:      SAMUEL LEON DRAPER,      Case No. 15-34127-KRH
                                                        Chapter 13
                Debtor.

## MEMORANDUM OPINION

Before the Court is the Objection (the "Objection") of The Bank of Southside Virginia ("BSV") to Confirmation of Chapter 13 Plan filed by Samuel Leon Draper ("Debtor"). The Objection seeks to deny confirmation of the Debtor's Chapter 13 Plan on the grounds that the plan modifies the rights of BSV in violation of § 1322(b)(2) of the Bankruptcy Code.[1]

On October 14, 2015, the Court conducted an evidentiary hearing on the Objection to confirmation of the Debtor's Plan (the "Hearing"). At the conclusion of the Hearing, the Court requested supplemental briefing and took the matter under advisement. After considering the applicable statutory authority, the case law, the pleadings, the evidence presented at the Hearing and the arguments of counsel, the Court concludes that the Objection should be overruled and the Debtor's Plan confirmed. This Memorandum Opinion sets forth the Court's analysis and conclusions in support of its ruling in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[2]

### Jurisdiction and Venue

An objection to confirmation of a Chapter 13 plan is treated as a contested matter under the Bankruptcy Code. *See* Fed. R. Bankr. P. 3015(f). The Court has subject matter jurisdiction

---

[1] All further references to the Bankruptcy Code are to the Bankruptcy Code as codified at 11 U.S.C. §§ 101 *et seq*.

[2] Federal Rule of Bankruptcy Procedure 7052 is made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014. *See* Fed. R. Bankr. P. 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

1

over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## Factual and Procedural Background

On August 25, 2014, Samuel Draper and his wife, Karen Draper, executed a Deed of Trust Note ("Note") in favor of BSV in the original principal amount of $405,000 with interest accruing at the rate of 8.49% per annum. The Note became fully due and payable on February 25, 2015. The Note is secured by a Credit Line Deed of Trust on real property located at 13519 Blue Heron Circle, Chesterfield, Virginia ("Blue Heron Property"). The payoff on the Note as of the October 14, 2015 Hearing was $427,397.98.

On August 6, 2015, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (the "Petition Date"). In his schedules, the Debtor lists the Blue Heron Property as his primary residence with a value of $540,000. The schedules also list BSV as a creditor holding a secured claim in the amount of $425,000. On August 7, 2015, the Debtor filed his Chapter 13 Plan (the "Plan"). The Plan proposes to pay all of the Debtor's creditors, including BSV, 100% of their allowed claims. The total amount to be paid into the Plan is $511,000. The Plan provides for payments to the Chapter 13 Trustee in the amount of $900 per month for sixty months and for an additional $457,000 lump sum payment to the Chapter 13 Trustee in month twelve. The $457,000 lump sum payment will come from the sale or refinance of the Blue Heron Property. Under the proposed Plan, BSV's claim is to be paid pursuant to § 1322(c)(2) out of the lump sum payment. The Plan provides for BSV to receive full payment

2

of its allowed secured claim plus any and all accrued and unpaid interest in month twelve of the Plan.

On September 2, 2015, BSV filed an Objection to Confirmation of Chapter 13 Plan. BSV contends that the Plan modifies its rights in violation of § 1322(b)(2) of the Bankruptcy Code. BSV argues that, while its claim has matured and is now immediately due and payable, the Plan does not provide for repayment until month twelve. BSV maintains that its right to receive immediate payment is impermissibly being modified under the proposed Plan. In response, the Debtor argues that Bankruptcy Code § 1322(c)(2) provides for an exception to § 1322(b)(2) that allows the Debtor to modify the rights of BSV so long as BSV's claim is paid in full during the term of the Plan.

**Analysis**

Debtors filing for protection under Chapter 13 of the Bankruptcy Code are required to formulate and submit for court approval a plan under which they agree to pay creditors out of future income. Section 1325 of the Bankruptcy Code governs confirmation of a debtor's proposed Chapter 13 plan. One of the requirements necessary for plan confirmation under § 1325 is that the proposed plan must comply with all the other provisions of Chapter 13. *See* 11 U.S.C. § 1325(a)(1).

BSV contends in the instant case that the Debtor's Plan cannot be confirmed as it fails to satisfy this requirement. BSV maintains that the Debtor's Plan does not comply with a provision of Chapter 13 that is set forth in § 1322(b)(2) of the Bankruptcy Code. That section provides that:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . .

3

11 U.S.C. § 1322(b)(2). BSV argues that the "anti modification" provision contained in § 1322(b)(2) prohibits the Plan from modifying its rights, as it is a party who holds a security interest in the real property that is the Debtor's home. *See Nobelman v. American Sav. Bank*, 508 U.S. 324, 327-28 (1993); *In re Litton*, 330 F.3d 636, 640 (4th Cir. 2003) ("[A] Chapter 13 plan of reorganization that includes a debt secured by a lien on the debtor's principal residence may not propose to modify the terms of that debt.").

The Debtor responds that it is not attempting to modify the secured creditor's rights at all, but rather is merely making provision in his Plan for the repayment of the secured claim of BSV in full. This Court has previously held that § 1322(b)(5) allows a debtor to deaccelerate a loan and reinstate the payment schedule. *See In re Stokes*, 39 B.R. 336 (Bankr. E.D. Va. 1984). In *Stokes*, Judge Shelley held that "the rights of holders of claims secured only by an interest in real property that is the debtors' principal residence *may be modified* in a Chapter 13 plan to the extent that a default is cured within a reasonable time . . . ."[3] *Id.* at 339. Judge Shelley readily acknowledged, however, an emerging split of authority among the Circuits as to whether a debtor in a Chapter 13 case could cure a default under a plan where the loan had been accelerated or otherwise matured pre-petition. *See id.* at 339, 341. *Compare, e.g.*, *In re Grubbs*, 718 F.2d 694 (5th Cir. 1984) (holding that curing does not impair a creditor's rights under § 1322(b)(2)) with *In re Seidel* 752 F.2d 1382 (9th Cir. 1984) (holding that a debtor could not cure a matured obligation under either §1322(b)(3) or § 1322(b)(5) because it would constitute a modification of

---

[3] If § 1322(b)(5) would permit a debtor to deaccelerate a loan and cure a default, it would follow that § 1322(b)(5) would the permit the less invasive option of curing a default by simply paying off a matured obligation. *See In re Williams*, 109 B.R. 36, 41 (Bankr. E.D.N.Y. 1989) (noting that § 1322(b)(5) did not prohibit a debtor from curing a debt that matured pre-petition); *see also In re Spader*, 66 B.R. 618, 622 (W.D. Mo. 1986) (same); *In re Bolden*, 101 B.R. 582, 583 (Bankr. E.D. Mo. 1989) (same). The Debtor's default in this case is the failure to pay the full amount of the loan that matured on February 25, 2015. The plain language of § 1322(b)(5) appears to permit the Debtor to cure the default by repaying the loan "within a reasonable time."

the creditor's rights).  Congress resolved this issue in 1994 by adding § 1322(c)(2) to the Bankruptcy Code.  Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 301, 108 Stat. 4106; *see also In re Palacios*, No. 12-31480 2013 WL 1615790 at *4 (B.A.P. 9th Cir. Apr. 15, 2013) (recognizing that the enactment of § 1322(c)(2) overruled *Seidel*).

Subsection (c) of § 1322 of the Bankruptcy Code now sets forth a clear exception to the "anti modification" provision contained in § 1322(b)(2).  Section 1322(c)(2) of the Bankruptcy Code provides that:

> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2).  Section 1322(c)(2) allows a debtor to modify the rights of a claimholder who holds a security interest in the debtor's home so long as the last payment on the debt underlying the claim is due prior to the final payment in the Chapter 13 plan.  *Id.*  The Fourth Circuit Court of Appeals has said that § 1322(c)(2) of the Bankruptcy Code applies even if the debt underlying the claim became due prior to the debtor's petition date.  *See In re Witt*, 113 F.3d 508, 514 (4th Cir. 1997) ("[T]he obvious purpose of § 1322(c)(2) was to serve as the antidote for the theory that § 1322(b)(2) barred the cure of a residential mortgage obligation which matured prepetition." (quoting *In re Watson*, 190 B.R. 32, 37 (Bankr. E.D. Pa. 1995))); *see also In re Keita*, No. 12-19970, 2012 WL 6195109 at *3 (Bankr. D. Md. Dec. 12, 2012); *In re McNeill*, No. 05-82077, 2006 WL 1314333 at *3 (Bankr. M.D.N.C. May 12, 2006).  So long as the last payment on the underlying debt is due any time before final payment is to be made under a

proposed plan, then "the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of [the Bankruptcy Code]." 11 U.S.C § 1322(c)(2).

## Conclusion

The Debtor's Plan can be confirmed under § 1322(c)(2) because BSV's Note became due prior to the Petition Date, and its claim is being paid in full prior to the Debtor's final Chapter 13 Plan payment. BSV's Note matured on February 25, 2015, which was more than five months prior to the Petition Date. The Debtor's Chapter 13 Plan provides for the claim held by BSV to be paid in full in the twelfth month of the Plan. The total payoff on the BSV Note is $427,397.98. The Debtor is proposing to pay, a full forty-eight months before the final Chapter 13 Plan payment is due, the sum of $457,000 to BSV. The proposed payoff includes interest at the contractual interest rate set forth in the Note.[4] The loan officer who testified on behalf of BSV at the Hearing confirmed that the $457,000 payment in month twelve would be sufficient to satisfy BSV's claim in full.

For the foregoing reasons, the Court finds that the Debtor's Chapter 13 Plan complies with § 1322(c)(2) and § 1322(b)(5) as it cures the pre-petition default by paying BSV the full amount of its claim in month twelve of the Debtor's proposed Plan. The Court finds that the Plan is proposed in good faith as it will provide funding sufficient to pay all creditors of the bankruptcy estate 100% of their allowed claims. Therefore, BSV's Objection to Confirmation is overruled and the Debtor's Plan can be confirmed.

A separate order shall issue.

---

[4] No consensus has emerged in this Circuit as to whether a plan confirmed under § 1322(c)(2) of the Bankruptcy Code can modify the contractual interest rate of the secured creditor. *Compare In re Varner*, 530 B.R. 621 (Bankr. M.D.N.C 2015) (prohibiting modification of a secured creditor's interest rate under § 1322(c)(2)) *with In re Hubbell*, 496 B.R. 784 (Bankr. M.D.N.C. 2013) (allowing modification of a secured creditors interest rate under § 1322(c)(2)). But the Court need not address that issue in the case at bar.

Entered: __Nov 17 2015_____

                /s/ Kevin R. Huennekens
               UNITED STATES BANKRUPTCY JUDGE

            Entered on Docket:  Nov 17 2015